Catherine Cabalo (CA Bar No. 248198)
Peiffer Rosca Wolf Abdullah Carr & Kane
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.766.3592
Facsimile: 415.402.0058
Email: ccabalo@prwlegal.com

*Attorneys for Plaintiffs*
*Abdul Nevarez & Priscilla Nevarez*


Jason Gong (CA Bar No. 181298)
Law Office of Jason G. Gong
2121 N. California Blvd., Suite 290
Walnut Creek, CA 94596
Telephone: 925.735.3800
Facsimile: 925.735.3801
Email: jgong@gonglawfirm.com

*Attorney for Defendant*
*Defendant Peacock Gap Holdings LLC*

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL NEVAREZ and PRISCILLA NEVAREZ,<br><br>Plaintiffs,<br><br>v.<br><br>PEACOCK GAP HOLDINGS LLC and DOES 1-15, Inclusive,<br><br>Defendant. | Case No. 4:17-cv-03480-KAW<br><br><u>Civil Rights</u><br><br>**CONSENT DECREE AND [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF ONLY**<br><br>Complaint Filed: June 15, 2017<br>Trial Date: Not assigned |

1. Plaintiffs ABDUL NEVAREZ and PRISCILLA NEVAREZ filed a Complaint in this action on June 15, 2017 for injunctive and declaratory relief, damages, and other restitution

for their alleged discriminatory experiences, denial of access, and denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendant PEACOCK GAP HOLDINGS LLC ("Defendant"), in connection with or arising out of the condition of the Peacock Gap Golf Club, located at or about 333 Biscayne Drive, San Rafael, CA, and related properties and buildings ("Peacock Gap") as of August 25, 2016 and continuing. Plaintiffs have alleged that Defendant violated Title III of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh") by failing to provide full and equal access to the disabled at Peacock Gap.

2. Plaintiffs and Defendant (together the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief issues in this lawsuit without the need for protracted litigation. Issues of damages and attorneys' fees, costs, and expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of Unruh.

4. To avoid the costs, expense, and uncertainty of litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims and causes of action raised in the Complaint, exclusive of the referenced continuing claims for damages, attorneys' fees, litigation expenses, and costs. Nothing in this Consent Decree and

Order should be considered an admission of liability by Defendant; liability is expressly disclaimed. Accordingly, the Parties agree to the entry of this Consent Decree and Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' injunctive relief claims against Defendant that have arisen out of the subject Complaint.

6. **Remedial Measures:**

a. **ParaGolfer adaptive golf cart:** Defendant agrees to order a ParaGolfer adaptive golf cart ("ParaGolfer") within twenty (20) days of issuance of the Order by the Court approving this Consent Decree. This ParaGolfer will be rented to disabled golfers consistent with Peacock Gap's practices of providing golf carts to able-bodied golfers, including on a first-come, first-served basis, kept in good working condition in accordance with the ParaGolfer's manufacturer's specifications and Peacock Gap's practices and schedule of maintaining carts for able-bodied golfers, and will be for the *sole use* of Peacock Gap (i.e. it will not be lent out to other golf courses). Plaintiffs acknowledge that training regarding the proper use of the ParaGolfer may be required by Defendant as a condition prior to rental or use of the ParaGolfer and shall not constitute a violation of this Consent Decree and Order. As a condition for rental or

use of the ParaGolfer, users of the ParaGolfer, including Plaintiff Abdul Nevarez, will be required to execute a standard release and hold harmless agreement which would be substantially similar to any such release and hold harmless agreement required by Peacock Gap from persons who use and/or rent any of its other golf carts. Plaintiffs confirm that they have no economic interest or incentive from either the manufacturer or distributor of the ParaGolfer or the owner(s) of the company to require Defendant to provide a ParaGolfer adaptive golf cart in this case.

      b.    **Delay or impossibility**: Plaintiffs acknowledge that if any of the remedial measures set forth in Paragraph 6(a) are rendered impossible by force majeure or any action, denial, or other restriction imposed by any governmental, quasi-governmental agency, authority, board, body, department, commission, bureau or official, which is not under Defendant's control, Defendant will not be deemed to have violated this Consent Decree and Order, so long as Defendant makes and continue to make a good faith effort to secure the necessary approvals, permits, or explore alternative measures that would resolve the issue or issues causing the unavailability of the ParaGolfer. The Parties further agree that any delays in making the modifications required by Section 6(a) caused by third parties, including but not limited to, the manufacturer of the specified golf cart, shippers, inspectors and others will not be deemed to violate the compliance date set forth herein as long as Defendant makes a good faith effort at implementation as soon as reasonably possible thereafter. The Parties further agree that difficulty in financing the purchase of the ParaGolfer is not within the scope of this Paragraph 6(b).

      c.    **Notice of other claimed barriers to access and cure period**: Subject to the exclusion set forth below, Plaintiffs are required to provide Defendant with written notice of any perceived deficiencies regarding the remedial measures set forth in Section (6)a that Plaintiffs contend they may encounter in the future at Peacock Gap. The written notice shall

provide Defendant with twenty (20) calendar days from receipt of Plaintiffs' written notice of deficiency regarding the availability or maintenance of the ParaGolfer to respond whether it intends to cure the alleged deficiency and forty (40) calendar days thereafter to remediate the claimed deficiency (the "Cure Period"). If the date by which the applicable modification must be completed has elapsed, and if the deficiencies remain uncured, only upon expiration of the Cure Period may Plaintiffs take further action to enforce this Agreement. If Plaintiffs fail to raise a claim of deficiency within the time period to do so set forth above, the terms of this Agreement shall be deemed to have been satisfied and all remedies available to Plaintiffs shall be deemed to have been waived. However, this provision does not apply to repeated failures by Defendant to furnish a ParaGolfer in good working order if the reasons for noncompliance are within Defendant's control (for example, the golf cart battery is not consistently charged).

    d. **Compliance:** Defendant or its counsel will notify Plaintiffs' counsel when the ParaGolfer has been ordered and when Peacock Gap has received the ParaGolfer. If unforeseen difficulties prevent Defendant from ordering the ParaGolfer, Defendant or its counsel will notify Plaintiffs' counsel in writing within five (5) days of discovering the delay. Plaintiffs will have twenty (20) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendant's notice. If the Parties cannot reach agreement regarding the delay within an additional twenty (20) days, Plaintiffs may seek enforcement by the Court and reserve the right to seek reasonable attorney's fees from Defendant for any legal work directly related to this matter necessitated by the failure of Defendant to abide by this Consent Decree and Order. If the Parties disagree on the amount of reasonable attorney's fees, such fees shall be determined by the Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7. The Parties have not yet reached any agreement regarding Plaintiffs' claims for damages, attorneys' fees, litigation expenses, and costs. These matters will be the subject of future negotiation or litigation as necessary. <u>The Parties jointly stipulate and request that the Court not dismiss the case in its entirety, as these issues remain unresolved</u>.

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order constitute the entire agreement between the signing Parties as to injunctive relief and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein. There are no intended third-party beneficiaries to this Agreement other than those expressly set forth in this Agreement.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiffs, Defendant, and any successors-in-interest. Defendant has a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the Parties to this Consent Decree and Order understands and agrees that

there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiffs' unresolved claims for damages, attorneys' fees, litigation expenses, and costs.

11. Except for all obligations required in this Consent Decree and Order -- and exclusive of the referenced unresolved claims for damages, attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent Decree and Order and on behalf of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and

7
CONSENT DECREE & [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF ONLY
Case No. 4:17-cv-03480- KAW

forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12. This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court or until the injunctive relief contemplated by this Consent Decree and Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original

signature.

**END OF PAGE.**

**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

| | | |
|---|---|---|
| 1 | Dated: 2.20, 2018 | PLAINTIFF ABDUL NEVAREZ |
| 2 | | |
| 3 | | */s/ Abdul Nevarez* |
| 4 | | ABDUL NEVAREZ |
| 5 | | */s/ Priscilla Nevarez* |
| 6 | Dated: 2.20, 2018 | PLAINTIFF PRISCILLA NEVAREZ |

Dated: 2.20 , 2018            PLAINTIFF ABDUL NEVAREZ

ABDUL NEVAREZ

Dated: 2.20 , 2018            PLAINTIFF PRISCILLA NEVAREZ

PRISCILLA NEVAREZ

Dated: _____, 2018          DEFENDANT PEACOCK GAP HOLDINGS LLC

By: _____

Print Name: _____

Title: _____

APPROVED AS TO FORM:

Dated: _____, 2018          PEIFFER ROSCA WOLF ABDULLA
                              CARR & KANE

By: _____
    Catherine Cabalo
    Attorneys for Plaintiffs
    ABDUL NEVAREZ and PRISCILLA
    NEVAREZ

Dated: _____, 2018          LAW OFFICE OF JASON G. GONG

By: _____
    Jason G. Gong
    Attorney for Defendant
    PEACOCK GAP HOLDINGS LLC

```
 1  Dated: _____, 2018            PLAINTIFF ABDUL NEVAREZ
 2
 3
 4                                     _____
                                       ABDUL NEVAREZ
 5
 6  Dated: _____, 2018            PLAINTIFF PRISCILLA NEVAREZ
 7
 8
 9                                     _____
                                       PRISCILLA NEVAREZ
10
11  Dated: 2/21 , 2018                 DEFENDANT PEACOCK GAP HOLDINGS LLC
12
                                       By: _Aulm_____
13
                                       Print Name: Andrelo McCullough
14
                                       Title: EVP
15
16  APPROVED AS TO FORM:
17
18  Dated: _____, 2018            PEIFFER ROSCA WOLF ABDULLA
                                       CARR & KANE
19
20                                     By: _____
21                                        Catherine Cabalo
                                          Attorneys for Plaintiffs
22                                        ABDUL NEVAREZ and PRISCILLA
                                          NEVAREZ
23
24  Dated: _____, 2018            LAW OFFICE OF JASON G. GONG
25
                                       By: _____
26                                        Jason G, Gong
                                          Attorney for Defendant
27                                        PEACOCK GAP HOLDINGS LLC
28
```

Dated: _____, 2018     PLAINTIFF ABDUL NEVAREZ

_____
ABDUL NEVAREZ

Dated: _____, 2018     PLAINTIFF PRISCILLA NEVAREZ

_____
PRISCILLA NEVAREZ

Dated: _____, 2018     DEFENDANT PEACOCK GAP HOLDINGS LLC

By: _____

Print Name: _____

Title: _____

APPROVED AS TO FORM:

Dated: February 22, 2018    PEIFFER ROSCA WOLF ABDULLA
                            CARR & KANE

                            By: s/ Catherine Cabalo
                            _____
                            Catherine Cabalo
                            Attorneys for Plaintiffs
                            ABDUL NEVAREZ and PRISCILLA
                            NEVAREZ

Dated: February 22, 2018    LAW OFFICE OF JASON G. GONG

                            By: s/ Jason Gong
                            _____
                            Jason G, Gong
                            Attorney for Defendant
                            PEACOCK GAP HOLDINGS LLC

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1, I hereby attest that on <u>February 22</u>, 2018, I, Catherine Cabalo, attorney with Peiffer Rosca Wolf Abdullah Carr & Kane, received the concurrence of Jason G. Gong in the filing of this document.

s/ Catherine Cabalo<br>Catherine Cabalo

## ORDER

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: <u>2/27</u>, 2018

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge